UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
DIVISION

RE: _____   CASE NO: _____
                                                                           **Chapter 13**

NOTICE OF OPPORTUNITY TO OBJECT TO
PLAN                                                    CONFIRMATION

You are hereby notified that the captioned debtor(s) have filed the attached plan pursuant to 11 U.S.C. §1323 and Rule 3019 of the Rules of Bankruptcy Procedure (Before) or 11 U.S.C. §1329 (After). Objections to confirmation of the plan must be filed with the Bankruptcy Court at 35 E. Mountain St #316 Fayetteville, Arkansas 72701 in writing within 25 days from the date of this notice with copies to the attorney for debtor(s) and to Joyce Bradley Babin, Chapter 13 Standing Trustee.

If objections to the plan are filed, they will be set for hearing by subsequent notice. If no objections are received, the plan may be confirmed without further notice or hearing.

Date:_____  _____
                                                         Attorney's Name, Address & Phone Number

CERTIFICATE OF MAILING

I, the undersigned, hereby certify that copies of the foregoing notice and attached Plan have been mailed to:

David D. Coop, Trustee
P.O. Box 5006
North Little Rock, AR 72119

Department of Finance & Administration
Legal Division
P.O. Box 1272
Little Rock, AR 72203

Employment Security Division
Legal Division
P.O. Box 2981
Little Rock, AR 72203

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

U.S. Attorney, Eastern District
P.O. Box 1229
Little Rock, AR 72203

U.S. Attorney, Western District
P.O. Box 1524
Fort Smith, AR 72902

and to all creditors whose names and address are set forth on the following page(s):

```
Advanced Control Solutions
2724 South Champions
Rogers, AR 72758


AERT
914 N Jefferson St
P O Box 1237
Springdale, AR 72765


Arkansas MRI Services
237 East Millsap Road
Suite 3
Fayetteville, AR 72703


Arvest - BACPA
P.O. Box 1327
Fayetteville, AR 72702


Cbusasears
Po Box 6189
Sioux Falls, SD 57117


Chase
800 Brooksedge Blvd
Westerville, OH 43081


Citimortgage Inc
Po Box 9442
Gaithersburg, MD 20898


E*Trade
2730 Liberty Ave
Pittsburgh, PA 15222


Emergency Physicians
Billing Service
P O Box 96408
Oklahoma City, OK 73143-6408


Household Bank Retail Svc
700 N Wood Dale Rd
Wood Dale, IL 60191
```

Matthews Campbell & Rhoads  
119S. Second Street  
Rogers, AR 72756

Northwest Orthopedic Center  
Dr. Mark W. Powell  
601 W. Maple Ave. Ste 704  
Fayetteville, AR

QHG NW Medical Center  
P.O. Box 47  
Springdale, AR 72765

Radiology Consultants of NW Ar  
P.O. Box 9178  
Russellville, AR 72811

Rhonda Karren Justice  
215 W. Pleaseant Grove Rd  
Lowell, AR 72745

Rhonda Karren Justice  
215 W. Pleasant Grove Rd  
Lowell, AR 72745

Springdale Ambulance Service  
P.O. Box 1521  
Springdale, AR 72765

Todd Lewis  
Conners & Winters  
211 East Dickson Street  
Fayetteville, AR 72701

Trinity Rehab Inc.  
1350 S. Gutenshohn Rd.  Ste 10  
Springdale, AR 72762

## United States Bankruptcy Court
### Western District of Arkansas

In re **Orin Bret Justice**  
Debtor(s)

Case No. **5:06-bk-71631**  
Chapter **13**

## CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $ **599.87** per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

   Name of Employer: **AERT**  
   Employer's Address: **914 N Jefferson St  Springdale, AR 72764**  
   Employer's Phone Number:

   Payment is received ( ) Weekly   ( **XX** ) Bi-Weekly   ( ) Semi-Monthly   ( ) Monthly or   ( ) Other. If Other, please specify: __

   Payment is received by Joint Debtor ( ) Weekly   ( ) Bi-Weekly   ( ) Semi-Monthly   ( ) Monthly or ( ) Other. If Other, please specify: __.

   The following provision will apply if completed:

   Plan payments will increase to $__ per month in month __.

2. **Plan Length.** The Debtor proposes to pay all disposable income into the plan for **not less than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

   The Debtor's plan length is **60** months.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full:

   (A). **Trustee's Fees and Expenses**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Attorney's Fees**. The attorney fee is subject to approval by separate application:
   Amount Paid to attorney prior to filing:   **1,837.00**
   Amount to be paid by the Trustee:   0.00

4. **Secured Claims.**

   (A). **Pre-confirmation Adequate Protection Payments.** Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

1

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Monthly Payment Amount |
|---|---|---|
| Household Bank Retail Svc 2300196647 | 2004 Victory motorcycle--Debtor's main means of transportation. (50% Interest - Full value is $7,590.00) | 70.00 |
| Arvest - BACPA 2207573 | 95 BMW--driven by Debtor's wife. (50% Interest - Full value is $5,625) | 39.90 |

(B). **Post-Confirmation Payments.** Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

i. **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain.** The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| Creditor/Collateral | Monthly Payment | Pre-Petition Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|---|
| -NONE- | | | |

ii. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. The following claims will be paid as follows.

| Creditor/ Collateral | Purchase Date | Debt Amount to be Paid | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Household Bank Retail Svc 2004 Victory motorcycle--Debtor's main means of transportation. (50% Interest - Full value is $7,590.00) | Opened 6/01/05 Last Active 5/31/06 | 7,000.00 | 7,590.00 | 0.00% | 116.67 |

iii. **Other Secured Claims.** Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor/ Collateral | Purchase Date | Scheduled Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Arvest - BACPA 95 BMW--driven by Debtor's wife. (50% Interest - Full value is $5,625) | Opened 12/01/03 Last Active 5/12/06 | 1,991.00 | 5,625.00 | 7.50% | 39.90 |

2

iv. **Surrender of Collateral.** Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|
| -NONE- | |

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   (i). Debtor shall pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   | Creditor Name | Address |
   |---|---|
   | -NONE- | |

   (iii). The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   -NONE-

   (iv). **Domestic Support Obligation Arrearage Claims.**
   ( ) The domestic support obligation arrearage claim will be paid directly by the Debtor.
   ( ) The domestic support obligation arrearage claim will be paid by the Trustee as follows:

   | Creditor (Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
   |---|---|---|
   | -NONE- | | |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full.

   | Creditor Name | Debt Amount |
   |---|---|
   | -NONE- | |

6. **Special Nonpriority Unsecured Claims.** The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
| | | | | |

3

7. **Nonpriority Unsecured Claims.** Allowed nonpriority claims shall be paid at least as much as they would receive under Chapter 7. Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below:

　　　　☐　　A definite percentage of __;

　　　　☒　　A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors; or

　　　　☐　　Other. Please specify __

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below. All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor Name | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

9. **Claims That Are Not to Be Paid by the Trustee.** The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by a party (liable on the debt) other than the Debtor from property that is not property of the estate.

| Creditor | Description of Property/Nature of Obligation |
|---|---|
| Citimortgage Inc | Residence located at 215 W. Pleasant Grove Rd., Lowell, Arkansas  4bd/2½ba 2,850 sq. ft. on .9 acres inside city limits(50% interest,- full value is $280,000).  Value of .65 acres of .9 acre lot is $3000. |
| E*Trade | Residence located at 215 W. Pleasant Grove Rd., Lowell, Arkansas  4bd/2½ba 2,850 sq. ft. on .9 acres inside city limits(50% interest,- full value is $280,000).  Value of .65 acres of .9 acre lot is $3000. |

10. **Other Provisions:**

　　(A).　**Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

　　(B).　**Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

　　(C).　**Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                                                Best Case Bankruptcy

**For claims filed by the Internal Revenue Service, Arkansas Department of Finance & Administration (or other state taxing authority), Commissioner of State Lands and/or a county tax collector/treasurer if that entity reflects that all or a portion of its claim is secured, then, if that claim is allowed, the secured portion of that claim shall be paid in full unless other specific treatment is afforded that debt elsewhere in the plan.**

**Debtor proposes to pay on an annual basis the amount in excess of $2,000 from any tax refund to the Chapter 13 Trustee for the benefit of unsecured creditors.**

**Any 1305 claim filed by the IRS will be paid in full, and the IRS has the right to set off any post-petition tax overpayments against any post-petition tax liabilities and, to the extent post-petition overpayment exceeds the post-petition liabilities, any pre-petition tax liabilities.**

**Debtor is not paying the monthly disposable income reflected in Form B22C. Debtor instead proposes to pay his available income as reflected in Schedule "I" of debtor's petition because Debtor believes that Schedule "I" better reflects his disposable monthly income. Debtor shall submit annual tax returns to the Trustee and will file amended schedules I and J, if needed, with the Court with copies to the Trustee. To the extent that Debtor's income as reflected on Schedules I and J increases by more than 5%, Debtor shall modify the plan by April 3 of each year to provide for the additional income to his plan in an effort to meet the disposable income requirement of Form B22C. If Debtor complies with the terms of this order and his plan terms, Debtor shall be entitled to complete his plan and receive a discharge even if the disposable income pool of Form B22C is not funded in its entirety**

**Debtor originally scheduled a $1,300 priority debt to the Internal Revenue Service. Debtor no longer owes said priority debt and will file an Amended Schedule "E" in order to reflect that change.**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy